**Victor S. NAVASKY, Plaintiff,**

v.

**CENTRAL INTELLIGENCE AGENCY, Defendant.**

**No. 77 Civ. 982 (CMM).**

United States District Court, S. D. New York.

July 1, 1981.

Clark, Wulf, Levine & Peratis, New York City, for plaintiff; Leon Friedman, New York City, of counsel.

John S. Martin, Jr., U. S. Atty., S. D. N. Y., New York City, for defendant; Thomas D. Warren, Asst. U. S. Atty., New York City, of counsel.

METZNER, District Judge:

The defendant, Central Intelligence Agency, renews its motion for summary judgment pursuant to this court's opinion (499 F.Supp. 269), denying summary judgment to the defendant as to certain deletion categories.

The deletion categories which the court found did not support justification were E, F and I in the *Vaughn* index (*Vaughn v. Rosen*, 484 F.2d 820 (D.C.Cir.1973), *cert. denied*, 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974)).

The court adheres to its original determination, attempted to be reargued by the movant, that neither the exemption 1 claim (5 U.S.C. § 552(b)(1)) predicated on Executive Order 12065 § 1–301(c), nor the exemption 3 claim (5 U.S.C. § 552(b)(3)) predicated on 50 U.S.C. § 403(d)(3), as they relate to intelligence sources and methods, are applicable to this case.

However, the affidavit submitted by the movant on this motion does justify a finding that the disclosure of the classified information at issue could reasonably be expected to cause identifiable damage to the national security in the field of foreign relations. 5 U.S.C. § 552(b)(1) and Executive Order 12065 §§ 1–301(d), 1–302.

Substantial weight must be given to the Agency's affidavit regarding the documents' classified status. *Ray v. Turner*, 587 F.2d 1187, 1194 (D.C.Cir.1978). In camera inspection of affidavits or documents is not called for in this case. *See Allen v. Central Intelligence Agency*, 636 F.2d 1287 (D.C.Cir. 1980).

Defendant's affidavits submitted both on the original motion and on this motion furnish a fairly complete picture of the activity at issue and the basis for nondisclosure. The affidavits show with reasonable specificity why the documents fall within the first exemption. *Hayden v. National Security Agency/Central Security Service*, 608 F.2d 1381, 1387 (D.C.Cir.1979), *cert. denied*, 446 U.S. 937, 100 S.Ct. 2156, 64 L.Ed.2d 790 (1980); *Goland v. Central Intelligence Agency*, 607 F.2d 339 (D.C.Cir.1978), *cert. denied*, 445 U.S. 927, 100 S.Ct. 1312, 63 L.Ed.2d 759 (1980).

All of the CIA's activities involving book publication or distribution were in support of foreign policy objectives and aimed at foreign targets. Substantial publication took place abroad. Any distribution within the United States was incidental to distribution abroad, or was aimed at distribution to a foreign community within the United States in keeping with certain foreign policy objectives.

Disclosure of the information requested would result in revelation of specific book publishing activities aimed at specific foreign targets. Such revelation would have an adverse effect on foreign relations with the foreign countries and leaders who were targets of the publishing activities. Targeted nations would certainly be upset on learning of CIA activities within their borders or directed at them.

Furthermore, the revelation of cost figures contained in the documents requested would make available to foreign intelligence services the extent and scope of United States activities.

The CIA has demonstrated that the documents were properly classified and the plaintiff does not seem to contest the good faith of the Agency in this regard.

Motion granted.

So ordered.